United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WELLS FARGO AND CO., et al.,

 Plaintiffs,                           No. C 12-3856 PJH

 v.                                    **ORDER RE MOTIONS TO SEAL**

ABD INSURANCE AND FINANCIAL
SERVICES, et al.,

 Defendants.
_____/

In connection with plaintiffs' motion for preliminary injunction, both parties have filed motions to seal. Having read the parties' papers and carefully considered their arguments, and the relevant legal authority, the court GRANTS in part and DENIES in part plaintiffs' motion to seal, and GRANTS in part and DENIES in part defendants' motion to seal as follows.

A.   Legal Standard

"The proponent of sealing bears the burden with respect to sealing. A failure to meet that burden means that the default posture of public access prevails." Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1182 (9th Cir. 2006). Two standards generally govern motions to seal documents like the ones at issue here.[1]

First, a "compelling reasons" standard applies to most judicial records. See id. at 1178; Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135-36 (9th Cir. 2003). This standard derives from the common law right "to inspect and copy public records and

_____

[1]A third standard covers the "narrow range of documents" such as "grand jury transcripts" and certain "warrant materials" that "traditionally [have] been kept secret for important policy reasons." Id. at 1178 (citation and quotation omitted). This third standard is not relevant here.

United States District Court

For the Northern District of California

1   documents, including judicial records and documents." Kamakana, 447 F.3d at 1178

2   (quotations and citations omitted).  To limit this common law right of access, a party

3   seeking to seal judicial records must show that "compelling reasons supported by specific

4   factual findings . . . outweigh the general history of access and the public policies favoring

5   disclosure." Id. at 1178-79 (quotations and citations omitted).

6          Second, a different standard applies to "private materials unearthed during

7   discovery," as such documents are not part of the judicial record. Id. at 1180.  Rule 26(c)

8   of the Federal Rules of Civil Procedure governs here, and the relevant standard is whether

9   "'good cause' exists to protect th[e] information from being disclosed to the public by

10  balancing the needs for discovery against the need for confidentiality." Phillips ex rel.

11  Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1213 (9th Cir. 2002).  This "good

12  cause" standard presents a lower burden for the party wishing to seal documents than the

13  "compelling reasons" standard.  The cognizable public interest in judicial records that

14  underlies the "compelling reasons" standard does not exist for documents produced

15  between private litigants. See Kamakana, 447 F.3d at 1180; Foltz, 331 F.3d at 1134.

16  "Good cause" is also the standard applied when a party seeks access to previously sealed

17  discovery attached to a non-dispositive motion. Phillips, 307 F.3d at 1213.

18         In general, "compelling reasons" sufficient to outweigh the public's interest in

19  disclosure and justify sealing court records exist when such "court files might have become

20  a vehicle for improper purposes," such as the use of records to gratify private spite,

21  promote public scandal, circulate libelous statements, or release trade secrets. Id. at 1179.

22  In considering a motion to seal, the court begins with a strong presumption of public

23  access, and the party claiming that its records must be sealed is required to show that

24  "compelling reasons supported by specific factual findings . . . outweigh the general history

25  of access and the public policies favoring disclosure," such as the public interest in

26  understanding the judicial process. Id. at 1178-79 (quotations and citations omitted).  "The

27  mere fact that the production of records may lead to a litigant's embarrassment,

28  incrimination, or exposure to further litigation will not, without more, compel the court to seal

2

**United States District Court**
For the Northern District of California

1   its records." Id.

2        In this district, requests to file documents under seal in civil cases are governed by

3   Civil Local Rule 79-5, which provides that "[n]o document may be filed under seal . . .

4   except pursuant to a Court order that authorizes the sealing of the particular document, or

5   portions thereof[;]" and further, that a sealing order may issue only based upon a request

6   showing that the document, or portions thereof, is privileged, or protectable as a trade

7   secret, or otherwise entitled to protection under the law.  Civ. L.R. 79-5(a).  In particular,

8   "[t]he request must be narrowly tailored to seek sealing only of sealable material . . . ."  Id.

9        In addition, if a party seeks to file under seal a document that has been designated

10  confidential by another party pursuant to a protective order, or if a party wishes to refer in a

11  memorandum of points and authorities to information so designated by another party, the

12  submitting party must file a motion for a sealing order, and the designating party must file a

13  declaration within seven days "establishing that the designated information is sealable, and

14  must lodge and serve a narrowly tailored proposed sealing order, or must withdraw the

15  designation of confidentiality. If the designating party does not file its responsive declaration

16  as required by this subsection, the document or proposed filing will be made part of the

17  public record."  Civ. L.R. 7-9(d).

18  B.   Wells Fargo's motion

19       Plaintiffs Wells Fargo & Co. and Wells Fargo Insurance Services ("Wells Fargo" or

20  "plaintiffs") seek the sealing of 13 of thier own documents, and 23 of defendants'

21  documents, along with any part of its opening motion that references any of those

22  documents.  Wells Fargo provides only conclusory arguments for why their documents

23  should be sealed, arguing that they contain confidential and proprietary information.  As to

24  the Wells Fargo documents themselves, the court agrees that they do appear to have

25  confidential information - including financial information for its customers - but it should be

26  noted that Wells Fargo did not make an effort to address the specific confidential

27  information contained within each document for which sealing is sought, and instead relied

28  on a blanket "confidential and proprietary" explanation for all of them.

**United States District Court**
For the Northern District of California

1    As to the 23 ABD[2] documents contained in Wells Fargo's motion, ABD submitted a

2 declaration with regard to only three documents (specifically, exhibits P, Q, and T to the

3 Boyd declaration).  Defendants' declaration describes each of these documents with some

4 detail.  Exhibits P and Q are confidential business plans relating to the new ABD company,

5 and Exhibit T is a document related to the negotiations with Wells Fargo.  Importantly, none

6 of these documents are directly quoted in Wells Fargo's motion, and instead are cited only

7 generally.

8    As to the three ABD documents for which a supporting declaration was filed, the

9 court GRANTS the motion to seal.  As to the 20 ABD documents for which no supporting

10 declaration was filed, the court DENIES the motion to seal.  As to the 13 Wells Fargo

11 documents referenced in Wells Fargo's motion to seal (specifically, exhibits F, I, and O to

12 the Boyd declaration; exhibits A-F and H to the Lane declaration; exhibits A and B to the

13 Volkel declaration; and exhibit A to the Bingham declaration), the court GRANTS the

14 motion to seal, but warns Wells Fargo that future similarly unsupported requests will not be

15 granted.

16    However, the court DENIES the motion to seal to the extent that it seeks sealing of

17 portions of Wells Fargo's motion for preliminary injunction.  Nearly all of the redacted

18 portions of Wells Fargo's brief relate to ABD emails, for which ABD does not seek sealing.

19 The only Wells Fargo-related redactions relate to (1) defendant Hetherington's previous

20 employment by Wells Fargo (Mot. at 6), which is not a confidential matter, (2) a vague

21 reference to the loss of "200 customer accounts and several million dollars of annualized

22 revenue" (Mot. at 10), which is not specific enough to justify sealing, (3) the identification of

23 BioMarin as a client that allegedly left Wells Fargo due to ABD-related confusion (Mot. at

24 11), but since BioMarin is mentioned in unredacted portions of ABD's opposition brief, the

25 court does not find that sealing is justified, and (4) the valuation of the ABD goodwill at

26

27    [2]Defendants ABD Insurance & Financial Services (doing business as "The ABD Team"),
Kurt de Grosz, and Brian Hetherington will be referred to as "ABD" or "defendants" in this
28 order.

**United States District Court**
For the Northern District of California

1    $270 million (Mot. at 3), which is not sealable based on the unredacted reference to the

2    total purchase price of ABD (see Mot. at 3).  Wells Fargo is ordered to file an unredacted

3    version of its brief in support of its motion for preliminary injunction by **March 15, 2013**.

4    C.      Defendants' motion

5         Defendants seek the sealing of four of its own documents and 23 Wells Fargo

6    documents.  Wells Fargo did not file a declaration in support of sealing the Wells Fargo

7    documents, and thus defendants' motion is DENIED to the extent that it seeks sealing of

8    Wells Fargo documents.  As to the four ABD documents (specifically, exhibits 25-27 and 29

9    of the Duffy declaration), ABD does attach a declaration addressing each one individually.

10    Exhibits 25-27 relate to negotiations with Wells Fargo about buying the ABD book of

11    business, and Exhibit 29 relates to ABD's business plan.  The court GRANTS the motion to

12    seal as to exhibits 25-27 and 29 of the Duffy declaration.

13         Wells Fargo did not file a supporting declaration as to the Wells Fargo documents

14    referenced in defendants' motion to seal.  Thus, the motion to seal is DENIED with respect

15    to the Wells Fargo documents.

16         Defendants also seek the sealing of portions of its opposition brief that reference any

17    of the above documents.  However, it appears that all redacted portions of defendants' brief

18    relate only to Wells Fargo's documents, for which sealing is denied.  Thus, the court

19    DENIES defendants' motion to seal to the extent that it seeks to seal portions of their

20    opposition brief.  Defendants are ordered to file an unredacted version of their opposition

21    brief by **March 15, 2013**.

22         **IT IS SO ORDERED.**

23

Dated:  March 8, 2013

24

                                                               

25    PHYLLIS J. HAMILTON
       United States District Judge

26

27

28