UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WELLS FARGO AND CO., et al.,

    Plaintiffs,

    v.

ABD INSURANCE AND FINANCIAL SERVICES, et al.,

    Defendants.
_____/

No. C 12-3856 PJH

**ORDER RE MOTIONS TO SEAL**

    In connection with plaintiffs' renewed motion for preliminary injunction, both parties have filed motions to seal. Having read the parties' papers and carefully considered their arguments, and the relevant legal authority, the court GRANTS in part and DENIES in part plaintiffs' motion to seal, and GRANTS defendants' motion to seal as follows.

A.    Legal Standard

    "The proponent of sealing bears the burden with respect to sealing. A failure to meet that burden means that the default posture of public access prevails." Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1182 (9th Cir. 2006). Two standards generally govern motions to seal documents like the ones at issue here.[1]

    First, a "compelling reasons" standard applies to most judicial records. See id. at 1178; Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135-36 (9th Cir. 2003). This standard derives from the common law right "to inspect and copy public records and documents, including judicial records and documents." Kamakana, 447 F.3d at 1178

---

[1] A third standard covers the "narrow range of documents" such as "grand jury transcripts" and certain "warrant materials" that "traditionally [have] been kept secret for important policy reasons." Id. at 1178 (citation and quotation omitted). This third standard is not relevant here.

(quotations and citations omitted).  To limit this common law right of access, a party seeking to seal judicial records must show that "compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure." Id. at 1178-79 (quotations and citations omitted).

Second, a different standard applies to "private materials unearthed during discovery," as such documents are not part of the judicial record. Id. at 1180.  Rule 26(c) of the Federal Rules of Civil Procedure governs here, and the relevant standard is whether "'good cause' exists to protect th[e] information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1213 (9th Cir. 2002).  This "good cause" standard presents a lower burden for the party wishing to seal documents than the "compelling reasons" standard.  The cognizable public interest in judicial records that underlies the "compelling reasons" standard does not exist for documents produced between private litigants.  See Kamakana, 447 F.3d at 1180; Foltz, 331 F.3d at 1134.  "Good cause" is also the standard applied when a party seeks access to previously sealed discovery attached to a non-dispositive motion.  Phillips, 307 F.3d at 1213.

In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such "court files might have become a vehicle for improper purposes," such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. Id. at 1179. In considering a motion to seal, the court begins with a strong presumption of public access, and the party claiming that its records must be sealed is required to show that "compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure," such as the public interest in understanding the judicial process. Id. at 1178-79 (quotations and citations omitted).  "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." Id.

In this district, requests to file documents under seal in civil cases are governed by Civil Local Rule 79-5, which provides that "[n]o document may be filed under seal . . . except pursuant to a Court order that authorizes the sealing of the particular document, or portions thereof[;]" and further, that a sealing order may issue only based upon a request showing that the document, or portions thereof, is privileged, or protectable as a trade secret, or otherwise entitled to protection under the law. Civ. L.R. 79-5(a). In particular, "[t]he request must be narrowly tailored to seek sealing only of sealable material . . . ." Id.

In addition, if a party seeks to file under seal a document that has been designated confidential by another party pursuant to a protective order, or if a party wishes to refer in a memorandum of points and authorities to information so designated by another party, the submitting party must file a motion for a sealing order, and the designating party must file a declaration within seven days "establishing that the designated information is sealable, and must lodge and serve a narrowly tailored proposed sealing order, or must withdraw the designation of confidentiality. If the designating party does not file its responsive declaration as required by this subsection, the document or proposed filing will be made part of the public record." Civ. L.R. 7-9(d).

B.   Wells Fargo's motion

Plaintiffs Wells Fargo & Co. and Wells Fargo Insurance Services ("Wells Fargo" or "plaintiffs") seek the sealing of one of their own documents[2] (Ex. C to the declaration of Robert Volkel), and one of defendants' documents (Ex. YY to the declaration of Felicia Boyd), along with portions of their renewed preliminary injunction motion that reference Exhibit YY to the Boyd declaration.

Wells Fargo argues that Exhibit C to the Volkel declaration contains "copies of

---

[2] Wells Fargo filed a number of additional documents under seal (Exhibits A-F and H to the declaration of Richard Lane, Exhibits A and B to the declaration of Robert Volkel, Exhibit A to the declaration of Lisa Bingham, and Exhibits F, I, O, P, Q, and T to the declaration of Felicia Boyd), noting that the court previously ruled that they could be filed under seal. Indeed, the court's March 8, 2013 order ruled that those documents could be sealed, and that order remains in effect. See Dkt. 84.

3

checks from customers which include the account numbers and routing numbers." The court agrees that such information is properly sealable, and thus GRANTS Wells Fargo's motion to seal Exhibit C to the Volkel declaration.

As to Exhibit YY to the Boyd declaration, Wells Fargo "makes no claim that this document should be filed under seal," but notes that defendants claim that the document contains confidential information. Indeed, defendants did file a supporting declaration pursuant to Civil Local Rule 79-5(e), arguing that the document contains "sensitive business and financial information," including "overall financial plans and strategies" as well as a "litigation analysis" that "discusses the status, potential outcomes, and financial implications" of this litigation. The court agrees that such information is properly sealable, and thus GRANTS Wells Fargo's motion to seal Exhibit YY of the Boyd declaration.

However, the portions of Exhibit YY that are referenced in Wells Fargo's renewed preliminary injunction motion do not disclose any detailed confidential information, and contain only generalized statements regarding this litigation, including the statement that any name change could be "funded out of operations," which is also mentioned in defendants' own (unredacted) opposition brief. Thus, the court DENIES Wells Fargo's motion to seal to the extent that it seeks the redaction of portions of its renewed motion for preliminary injunction. Wells Fargo is directed to file an unredacted version of its renewed motion by **September 5, 2014**.

C.   Defendants' motion

Defendants seek the sealing of four of their own documents (Exhibits 27-29 and 31 to the declaration of Jayne Laiprasert). Defendants argue that these documents contain information related to (1) efforts to purchase the book of business of departing Wells Fargo brokers joining the ABD team, or (2) the ABD team's business plan. Defendants also note that the court previously granted a motion to seal those same four documents – though at that time, they were filed as Exhibits 25-27 and 29 to the declaration of Kerry L. Duffy.

The court agrees that such information is properly sealable, and thus GRANTS Wells Fargo's motion to seal Exhibits 27-29 and 31 of the Laiprasert declaration.

**IT IS SO ORDERED.**

Dated: August 28, 2014

_____
PHYLLIS J. HAMILTON
United States District Judge